IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT BATES, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>EMPYREAN SERVICES, LLC,<br><br>    Defendant. | Case No.: GD-23-006578<br><br>2:23-cv-1091 |

## NOTICE OF REMOVAL

To the United States District Court for the Western District of Pennsylvania:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Empyrean Services, LLC ("Empyrean" or "Defendant") respectfully removes the action, captioned *ROBERT BATES, individually and on behalf of all others similarly situated v. EMPYREAN SERVICES, LLC.*, at docket number GD-23-006578, filed in the Allegheny Court of Common Pleas, to the United States District Court for the Western District of Pennsylvania, on the following grounds:

## BACKGROUND

1. On May 24, 2023, Plaintiff Robert Bates filed a putative Class Action Complaint ("Class Action Complaint") in the Pennsylvania Court of Common Pleas, Allegheny County, captioned *ROBERT BATES, individually and on behalf of all others similarly situated v. EMPYREAN SERVICES, LLC.*

2. Plaintiff alleges that Defendant failed to pay him and other similarly situated employees adequate overtime wages under California law. *See* Ex. A, Class Action Complaint ¶¶ 6, 13.

1

3. Plaintiff asserts, on behalf of himself and the class, the following claims under California law: (1) failure to pay wages; (2) failure to provide compensation for missed meal and rest periods; (3) violations of record keeping requirements; (4) waiting time penalties; and (5) violation of unfair competition law. *See* Ex. A, Class Action Complaint ¶¶ 56 – 89.

4. Plaintiff was employed exclusively at the San Onofre Nuclear Generating Station ("SONGS") in San Clemente, California. *See* Ex. B, Affidavit of Sushil Jain.

5. Under 28 U.S.C. §§ 1331, 1441(a), and 1446, the action is removable to this Court because the procedural requirements for removal are satisfied and because this Court has subject matter jurisdiction over this action under the Federal Enclave Doctrine.

## BASIS FOR REMOVAL

### I. Defendant Satisfied the Procedural Requirements for Removal

6. Defendant received a copy of the Class Action Complaint on May 25, 2023 via electronic mail. It has not been served. This notice of removal is timely under 28 U.S.C. § 1446(b), as it is made within 30 days of Defendant's receipt of the Class Action Complaint.

7. Venue is proper in this Court because it corresponds to the district and division where this litigation was filed. Allegheny County is located in the Western District of Pennsylvania. *See* 28 U.S.C. § 1441(a).

8. As required under 28 U.S.C. § 1446(a), all process, pleadings, and orders served upon Defendant are included herewith. The only filing appearing on the Docket is the Complaint, attached hereto as Exhibit A. Allegheny County does not time-stamp e-filings. *See* Ex. A, Class Action Complaint.

### II. This Court has Subject Matter Jurisdiction Under 28 U.S.C. § 1331

9. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 because a federal question exists under the Federal Enclave Doctrine, which courts developed from Article I, Section 8, Clause 17 of the U.S. Constitution. It provides that Congress shall have the power to exercise exclusive legislation over all places purchased by the consent of the legislature of the state in which the same shall be. *Stiefel v. Bechtel Corp.*, 497 F. Supp. 2d 1138, 1147 (S.D. Cal. 2007). "This constitutional provision permits the continuance of those state laws existing at time of surrender of sovereignty, except insofar as they are inconsistent with the laws of the United States or with the governmental use for which the property was acquired, unless they are abrogated by Congress, so that no area may be left without a developed legal system for private rights."

10. Plaintiff alleges actions or omissions by Defendant for violations of California wage and hour law that took place while Plaintiff was working at SONGS.

11. SONGS is located within the federal enclave of Camp Pendleton, which the United States acquired in 1942. *See Beltran v. Inter-Con Sec. Sys., Inc.*, No. 221CV04927VAPAFMX, 2021 WL 4170128, at *3 (C.D. Cal. Sept. 13, 2021), appeal dismissed, No. 21-56139, 2022 WL 14338658 (9th Cir. June 24, 2022); *Stiefel v. Bechtel Corp.*, 497 F. Supp. 2d 1138, 1145 (S.D. Cal. 2007) (the *Stiefel* Court took judicial notice of the fact that SONGS is located on a federal enclave); *Cooper v. S. California Edison Co.*, 170 F. App'x 496, 497 (9th Cir. 2006), *as amended on denial of reh'g and reh'g en banc* (May 10, 2006).

12. Only federal law applies on a federal enclave unless *preexisting* state law not inconsistent with federal policy becomes federal law and is applicable. *Cooper*, 170 F. App'x at 497.

13. All of Plaintiff's claims are based on California laws that came into existence after 1942. *See Compton v. Oasis Sys., LLC*, 549 F. Supp. 3d 1173, 1183 (S.D. Cal. 2021) (holding that claims for accurate itemized wage statements, failure to provide rest and meal periods, and failure to pay overtime under California law are barred by federal enclave doctrine). Under 28 U.S.C. §1441(a), Defendant may remove this Action under the Federal Enclave Doctrine because it presents a federal question under the U.S. Constitution. *Beltran v. Inter-Con Sec. Sys., Inc.*, No. 221CV04927VAPAFMX, 2021 WL 4170128, at *3 (C.D. Cal. Sept. 13, 2021) (denying motion to remand by employees who worked at SONGS based on Federal Enclave Doctrine).

## CONCLUSION

14. Because Defendant has demonstrated the existence of a federal question, this matter is properly removable, and the Court has original jurisdiction over this action.

**WHEREFORE,** Defendant respectfully requests that this Court exercise jurisdiction over this action under the Federal Enclave Doctrine and accept the removal of the Class Action Complaint.

Respectfully submitted,

*/s/ Nicole T. DuGan*
Justin J. Boron, Esq.
Nicole T. DuGan, Esq.
Freeman Mathis & Gary, LLP
1600 Market Street, Suite 1210
Philadelphia, Pennsylvania, 19103
Justin.boron@fmglaw.com
Nicole.DuGan@fmglaw.com
Attorneys for Empyrean Services, LLC
Respectfully submitted,
Empyrean Services, LLC

## CERTIFICATE OF SERVICE

I, Nicole DuGan, hereby certify that on June 14, 2023, this document, filed through the ECF system, will be served via email and first-class mail, postage prepaid, upon:

Joshua P. Geist
Goodrich & Geist, P.C.
3634 California Ave.
Pittsburgh, PA 15212

Michael A. Josephson
Josephson Dunlap LLP
11 Greenway Plaza, Ste. 3050
Houston, Texas 77046

*/s/ Nicole T. DuGan*

Nicole T. DuGan